**AMERICAN AIR TRANSPORT, Inc. et al. v. CIVIL AERONAUTICS BOARD et al.**

Civ. A. No. 1295-51.

United States District Court District of Columbia May 29, 1951.

George M. Morris, Albert F. Beitel, Washington, D. C., for plaintiff.

George Morris Fay, U. S. Atty., Ross O'Donoghue, John H. Manner, O. D. Ozment, Washington, D. C., for defendant.

BASTIAN, District Judge.

This case came on for hearing on the defendants' motion to dismiss or for summary judgment and, as well, on plaintiffs' motion for preliminary injunction and plaintiffs' motion to set the case for early hearing. During the argument, it developed that there were no substantial matters of fact involved and it was agreed by both sides that the Court might treat plaintiffs' motion as one for summary judgment, to the end that the case might come to a speedy conclusion in this Court and, if an appeal be taken by either party, the Court of Appeals would be in position to render final judgment of affirmance or final judgment on reversal.

The Court will grant plaintiffs' motion for a summary judgment on the ground that the regulation complained of was entered without such a hearing as is necessary under the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq., or, for that matter, under the Civil Aeronautics Act of 1938, as amended, 49 U.S.C.A. § 401 et seq.

Without going into a statement of the facts, which, as above stated, are undisputed, it would appear that plaintiffs have substantial investments, serious contractual commitments, and have developed valuable business and good will, all of which will be jeopardized unless the regulation is voided by the Court.

The Court believes that the defendant Board was proceeding properly by its regulation of May 20, 1949, wherein it was provided that no large irregular carrier (these include plaintiffs) could engage in non-scheduled or irregular operations after June 20, 1949, unless by that date the carrier filed with the Board an application for exemption. This regulation of May 20, 1949 provided that the carrier, upon filing such application, might continue to operate pending a hearing.

As a matter of fact, plaintiffs seasonably filed such applications, formal notices for hearing were set, and hearings before an Examiner on the applications were completed but no decision has yet been issued. While these applications were pending, the order complained of (Economic Regulations, Amendment 1 to Part 291, Serial No. ER–159) was announced, without a proper notice of hearing and opportunity to present evidence and argument. The position taken by the Board is one which would hack away at the Administrative Procedure Act.

It may be noted that no question of public safety is involved in the instant case.

There is nothing in the ruling of Judge Holtzoff in the case of Arrow Airways, Inc., v. Civil Aeronautics Board, Civil Action No. 4502–50,[1] which is at variance with the Court's ruling in this case.

The Court will, therefore, on appropriate notice, sign findings of fact, conclusions of law and judgment granting summary judgment in favor of the plaintiffs.

---

1. No opinion for publication.